**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH A. KELLEY, | ) | |
| | ) | **Case No.** |
| Plaintiff, | ) | |
| | ) | **Judge** |
| v. | ) | |
| OFFICER DURAN JR. #3626, | ) | **Magistrate Judge** |
| JOHN DOE OFFICERS, and the | ) | |
| CITY OF CHICAGO, a municipal | ) | **JURY DEMAND** |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, JOSEPH A. KELLEY, by and through his attorneys, Gregory E. Kulis and Associates, LTD., complaining against the Defendants, OFFICER DURAN JR. #3626, JOHN DOE OFFICERS, individually, and the CITY OF CHICAGO, and in support of his Complaint states as follows:

## JURISDICTION AND FACTS

1.    This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, to redress deprivations of the Civil Rights of the Plaintiff, JOSEPH A. KELLEY, accomplished by acts and/or omissions of the Defendants, OFFICER DURAN JR. #3626, JOHN DOE OFFICERS, individually, and the CITY OF CHICAGO, committed under color of law.

2.    Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3.    The Plaintiff, JOSEPH A. KELLEY, was at all relevant times, a United States citizen and a resident of the State of Illinois.

4.    At all relevant times, Defendants OFFICER DURAN JR. #3626 and JOHN DOE

1

OFFICERS were duly appointed Chicago Police Officers acting within the scope of their employment and under color of law.

5. The CITY OF CHICAGO is a municipal corporation and is the employer of Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS.

6. On or about October 22, 2025, the Plaintiff, JOSEPH A. KELLEY, had gathered with his fellow civil rights activists in front of the Chicago Police Headquarters located at 3510 S. Michigan Avenue, Chicago, Illinois.

7. While there, Plaintiff facilitated a peaceful protest against police misconduct with a group of activists on the sidewalk in front of 3510 S. Michigan Avenue, Chicago, Illinois.

8. Chicago police officers were nearby.

9. Through a loudspeaker, Plaintiff indicated to nearby Chicago Police Officers that he had a "Blue Lives Matter" flag on the ground.

10. At the time he stated this, he was with a group of his fellow protestors in a circle around the flag.

11. At no point in time prior to the burning of the flag did a Chicago Police Officer order Plaintiff not to burn the flag or issue any type of command.

12. Plaintiff then participated in constitutionally protected free speech by proceeding to burn the flag.

13. At the time that the flag was burning, no activist surrounding the flag was in danger of being burned or harmed by this Constitutionally protected act.

14. At the time that the flag was burning, no civilian not associated with the protest was nearby and in danger of being harmed by this Constitutionally protected act.

15. Without legal justification and probable cause, Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS then proceeded to handcuff and arrest the Plaintiff.

16. Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS were motivated by the insulting nature of the Plaintiff exercising his constitutionally protected speech of burning a "Blue Lives Matter Flag" instead of any legitimate law enforcement interest.

17. Defendant OFFICER DURAN JR. #3626 then issued Plaintiff a city citation for disorderly conduct despite knowing that the ticket was not supported by probable cause.

18. One false allegation that Defendant OFFICER DURAN JR. #3626 stated in the ticket was that Plaintiff disobeyed a safety order, which Defendant OFFICER DURAN JR. #3626 knew to be false.

19. Plaintiff had a hearing on November 19, 2025, where he presented witnesses to contest the false allegations perpetuated by Defendant OFFICER DURAN JR. #3626.

20. At the conclusion of the hearing on November 19, 2025, Plaintiff was found not guilty by the judge, and the ticket against him was dismissed.

## COUNT I - FALSE ARREST

1-20. Each of the forgoing paragraphs are incorporated as if fully restated herein.

21. On October 22, 2025, Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS knew that Plaintiff did not commit disorderly conduct and knew that Plaintiff's activity was protected by the First Amendment as Constitutional free speech.

22. The charges against the Plaintiff were false and not supported by probable cause.

23. At all relevant times, Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS were acting pursuant to the customs and policies of the Chicago Police Department.

24. The actions of Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS were intentional, willful, wanton, and performed with malice.

25. Said actions of Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States

3

Constitution and were in violation of said rights enforced by 42 U.S.C. §1983.

26. As a direct and proximate consequence of said conduct of Defendants OFFICER DURAN JR. #362 and JOHN DOE OFFICERS, the Plaintiff, JOSEPH A. KELLEY, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

**WHEREFORE**, the Plaintiff, JOSEPH A. KELLEY, prays for judgment in his favor and against Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT II - FIRST AMENDMENT RETALIATION

1-26. Each of the forgoing paragraphs are incorporated as if fully restated herein.

27. On October 22, 2025, Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS prevented the Plaintiff from participating in Constitutional free speech.

28. In the manner described more fully above, Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS violated Plaintiff's First Amendment right by subjecting Plaintiff to retaliation for exercising his constitutional right to free expression and association.

29. Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS's retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights and had a chilling effect on his exercise of his Constitutionally protected free speech.

31. At all relevant times, Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS were acting pursuant to the customs and policies of the Chicago Police Department.

32. As a result of Defendants' misconduct, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and a chilling effect on his ability to

exercise his First Amendment rights.

**WHEREFORE**, the Plaintiff, JOSEPH A. KELLEY, prays for judgment in his favor and against Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT III – STATE LAW MALICIOUS PROSECUTION

3-32.    Each of the forgoing paragraphs are incorporated as if fully restated herein.

33.    Defendant OFFICER DURAN JR. #3626 and the CITY OF CHICAGO, through its employees and agents, proceeded with the charges and prosecution of the Plaintiff knowing those charges were false and not supported by probable cause.

34.    The actions of Defendant OFFICER DURAN JR. #3626 and the CITY OF CHICAGO, through its employees and agents, were intentional, willful, and wanton.

35.    The Plaintiff retained counsel to represent him.

36.    On or about November 19, 2025, the charges were dismissed in a manner indicative of the Plaintiff's innocence.

37.    As a direct and proximate consequence of said conduct of Defendant OFFICER DURAN JR. #3626, the Plaintiff, JOSEPH A. KELLEY, suffered emotional anxiety, fear, emotional distress, monetary loss, and pain and suffering.

**WHEREFORE,** the Plaintiff, JOSEPH A. KELLY, prays for judgment in his favor and against the Defendants OFFICER DURAN JR. #3626 and the CITY OF CHICAGO, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, and costs.

### COUNT IV – RESPONDENT SUPERIOR

3-37.    Each of the forgoing paragraphs are incorporated as if fully restated herein.

38. In committing the acts alleged in this Complaint, Defendant OFFICER DURAN JR. #3626 was a member of, and agent of, the CITY OF CHICAGO, acting at all relevant times within the scope of their employment.

39. Defendant OFFICER DURAN JR. #3626 committed the tort of Malicious Prosecution against Plaintiff JOSEPH A. KELLEY.

40. Defendant CITY OF CHICAGO is liable as principal for all torts in violation of state law committed by its agents.

41. The Plaintiff, JOSEPH A. KELLEY, suffered damages including mental and emotional injury, pain, mental anguish, humiliation, and embarrassment that were inflicted by individual officers from the City of Chicago Police Department acting under the employment of Defendant CITY OF CHICAGO.

**WHEREFORE,** the Plaintiff, JOSEPH A. KELLEY, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, individually, jointly, and severally, in an amount of fair and reasonable compensatory damages and costs.

## COUNT IV – CITY OF CHICAGO/INDEMNIFICATION

1-41. Each of the forgoing paragraphs are incorporated as if fully restated herein.

42. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

43. Defendants OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS are employees of the City of Chicago Police Department who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should Defendants, OFFICER DURAN JR. #3626 and JOHN DOE OFFICERS, be found liable for the acts alleged above, Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against Defendants.

6

## JURY DEMAND

The Plaintiff, JOSEPH A. KELLEY hereby requests a trial by jury.


Respectfully submitted,

**JOSEPH A. KELLEY**

By:     */s/ Brian Orozco*
One of Plaintiff' Attorneys


Gregory E. Kulis (#6180966)
GREGORY E. KULIS & ASSOCIATES, LTD.
134 North LaSalle Street, Suite 444
Chicago, Illinois 60602
p. (312) 580-1830 / f. (312) 580-1839
gkulis@kulislawltd.com
service@kulislawltd.com